# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| THEODORE SHEELEY, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | No. |
| WILSON SPORTING GOODS, CO., a Delaware corporation, | ) ) ) | |
| *Defendant*. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff THEODORE SHEELEY ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Wilson Sporting Goods, Co. d/b/a "DeMarini" ("Defendant" or "Wilson") on his own behalf, and on behalf of a class of individuals, to seek redress for Defendant's sale of baseball bats that were falsely advertised and labeled as meeting United States Specialty Sports Association ("USSSA") standards when in fact they did not. On behalf of himself and the proposed class of individuals who purchased such bats, Plaintiff seeks damages and restitution from Defendant for selling products that did not conform to the representations it made to consumers. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendant is one of the largest manufacturers and sellers of sporting goods and equipment in the country, including a number of different types of baseball bats under a variety of brands it owns and operates.

2. One of the popular and more premium brand of bats that Defendant regularly advertises and sells is its "DeMarini" brand of baseball bats.

3. A large number of Defendant's customers play in various local and national leagues that adhere to USSSA standards for baseball bat manufacturing.

4. Accordingly, a number of Defendant's DeMarini baseball bats are specifically labeled and advertised as being "USSSA" compliant.

5. However, a recent "audit" of several models of DeMarini "youth baseball bats" has revealed that the baseball bats purchased by Plaintiff and the other members of the proposed Class, are not actually USSSA compliant, and cannot be used for play in any league that adheres to USSSA regulations.

6. Accordingly Plaintiff brings this action on behalf of himself and other similarly situated consumers in Illinois and elsewhere nationwide, to obtain redress for those who purchased Defendant's DeMarini baseball bats that failed to comply with USSSA regulations.

**PARTIES**

7. Plaintiff is a natural person and a citizen of Illinois.

8. Defendant Wilson Sporting Goods, Co. is a Delaware corporation with its principal place of business located in Chicago, Illinois. Wilson manufactures, advertises, and sells sporting goods equipment, including the DeMarini baseball bats at issue in this suit, online and through retail stores located in Illinois, and elsewhere throughout the country.

**JURISDICTION AND VENUE**

9. This Court has diversity jurisdiction under 28 U.S.C. § 1332(d), because (i) at least one member of the putative class is a citizen of a state different from any Defendant, (ii) the amount

in controversy exceeds $5,000,000, exclusive of interests and costs, and (iii) none of the exceptions under that subsection apply to the instant action.

10. This Court has personal jurisdiction over Defendant because Defendant transacts business in Illinois, Defendant's headquarters are located in Illinois, and a substantial part of the events giving rise to Plaintiff's claims occurred in Illinois, as Defendant advertised and sold its baseball bats to Plaintiff in Illinois. Defendant has also advertised, distributed, and sold its baseball bats in Illinois such that it has sufficient minimum contacts with Illinois and/or has sufficiently availed itself of Illinois markets to make it permissible for this Court to exercise jurisdiction over Defendant.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, as Defendant advertised its baseball bats to Plaintiff in this District, and Plaintiff purchased one of Defendant's baseball bats in this District.

**COMMON FACTUAL ALLEGATIONS**

12. Defendant is one of the largest manufacturers of sporting goods equipment in the country.

13. One of the most common and popular sports products sold by Defendant are baseball bats. Defendant manufactures a number of different types of baseball bats under various brand names, including a line of premium bats sold under its "DeMarini" brand name.

14. A large number of Defendant's customers who buy its DeMarini baseball bats are parents of school age children in middle school and high school who play for various local and national leagues and/or tournaments that adhere to USSSA regulations.

15. Amongst other things, the USSSA sets specific requirements for the manufacturing of baseball bats, which must be met in order for any particular baseball bat to be used in a game played under its regulations.

16. Accordingly, a number of Defendant's DeMarini baseball bats are labeled and advertised as being "USSSA" compliant, and specifically feature a silver sticker prominently displayed on the surface of the bat certifying that it is "USSSA" compliant.

17. However, unbeknownst to consumers who had purchased them, certain models of DeMarini baseball bats sold by Defendant failed to comply with USSSA's requirements and cannot not be used to play in games governed by USSSA's regulations.

18. In fact, Defendant itself has recently stated that several models of DeMarini baseball bats "have been officially withdrawn from USSSA baseball play" as a result of "its youth baseball bat BPF audit for USSSA".

19. The affected baseball bats that were sold by Defendant were some of the most expensive and premium baseball bats that Defendant manufactures, with some models retailing for over Three Hundred and Fifty 00/100 Dollars ($350.00). Amongst baseball players, "DeMarini" baseball bats are widely known as an upscale baseball bat that sells for a premium price.

20. While Defendant has offered various options to replace the affected baseball bats, it has refused to offer any monetary compensation to individuals who have purchased the mislabeled bats.

21. Plaintiff's minor son plays baseball games adhering to USSSA regulations which require that all bats used in the games are USSSA compliant.

22. Plaintiff purchased a DeMarini bat during the applicable limitations period which prominently featured a sticker representing that the bat complied with USSSA regulations when in fact it did not so comply.

23. The Defendant's representations that the affected DeMarini bats are USSSA compliant were false and misleading.

24. As a result, Plaintiff and the other members of the Class have been damaged by their purchases of Defendant's DeMarini baseball bats because they fail to comply with USSSA regulations.

25. Defendant has received significant profits from its false marketing and sale of the DeMarini baseball bats purchased by Plaintiff and the other members of the Class.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of himself and a nationwide class (the "Class"), with one subclass (the "Subclass" or "Illinois Subclass") defined as follows:

(i) The Class: All persons in the United States and its Territories who, within the applicable statute of limitations, purchased any defective models of Defendant's DeMarini baseball bats;

(ii) The Illinois Subclass: All persons who, within three years prior to the commencement of this action, purchased any defective models of Defendant's DeMarini baseball bats in the state of Illinois.

27. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to

5

vigorously prosecuting this action on behalf of the other members of the Class and Subclass, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class and Subclass.

28. Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive and would have no effective remedy. Unless the Class and Subclass is certified, Defendant will retain the monies it received from the members of the Class and Subclass as a result of its unfair and deceptive conduct.

29. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

30. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass.

31. Plaintiff's claims are typical of the claims of the other members of the Class and Subclass as Plaintiff and the other members of the Class and Subclass have all suffered harm and damages as a result of Defendant's unlawful and wrongful practice of falsely representing and advertising its DeMarini baseball bats as being USSSA compliant when in fact they were not.

32. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

(a) Whether Defendant advertised, represented, and/or warranted that its DeMarini baseball bats complied with USSSA regulations;

6

    (b)    Whether Defendant's DeMarini baseball bats were in compliance with USSSA regulations;

    (c)    Whether Defendant's advertising of its DeMarini baseball bats was false or misleading;

    (d)    Whether Defendant's conduct violates public policy;

    (e)    Whether Defendant's conduct violated the Illinois Consumer Fraud Act and other such similar statutes;

    (f)    Whether as a result of Defendant's misrepresentations of material facts that its DeMarini baseball bats met USSSA regulations Plaintiff and the other members of the Class and Subclass have suffered ascertainable monetary losses; and

    (g)    Whether Plaintiff and the other members of the Class and Subclass are entitled to monetary, restitutionary or other remedies, and, if so, the nature of such remedies.

## COUNT I
### For Violations of Consumer Protection Laws
### (on behalf of the Class and the Illinois Subclass)

33.    Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

34.    The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 502/1 *et seq.* ("ICFA"), as well as other materially identical consumer fraud statutes enacted by states throughout the country, prohibits deceptive acts and practices in the sale of products such as Defendant's non-compliant baseball bat.

35.    Plaintiff and the other members of the Class and Subclass are "consumers" or "persons," as defined under the ICFA and other states' consumer protection laws.

36.    Defendant's conduct as alleged herein occurred in the course of trade or commerce.

37.    Defendant's actions in affirmatively representing and advertising that its DeMarini baseball bats were USSSA compliant when in fact they were not offends public policy, has caused

and continues to cause substantial injury to consumers, and constitutes an unfair and deceptive trade practice.

38. Upon information and belief, and given the fact that Defendant was responsible for designing and manufacturing the DeMarini baseball bats that it sold to Plaintiff and the other members of the putative Class, Defendant knew or should have known at all relevant times that its DeMarini baseball bats did not meet USSSA regulations. Nonetheless, Defendant advertised and sold a large number of the non-compliant baseball bats using false representations that they did meet USSSA regulations.

39. Defendant intended for consumers to rely on its representations that its DeMarini baseball bats met USSSA regulations when choosing to purchase the bats. Defendant's DeMarini baseball bats were specifically marketed and sold to individuals who required that the DeMarini baseball bats they purchased complied with USSSA regulations and Defendant's customers relied on such representations in making their decision to purchase the bats.

40. As a direct and proximate cause of Defendant's deceptive and unfair trade practices, Plaintiff and the other members of the Class and Subclass suffered actual damages, including monetary losses for the purchase price of the DeMarini baseball bats which were not USSSA compliant as advertised and represented by Defendant.

41. Defendant's conduct is in violation of the ICFA and other state's consumer protection laws, and pursuant to 815 ILCS 505/10a and other such state's consumer protection laws, Plaintiff and the other members of the Class and Subclass are entitled to damages in an amount to be proven at trial, reasonable attorney's fees, injunctive relief prohibiting Defendant's unfair and deceptive advertising going forward, and any other penalties or awards that may be appropriate under applicable law.

## COUNT II
### Breach of Express Warranty
### (on behalf of the Class and the Illinois Subclass)

42. Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

43. Through its product labeling and advertising, Defendant expressly warranted to Plaintiff and the other members of the Class that its DeMarini baseball bat met USSSA regulations and such representations were part of the basis of the bargain.

44. Defendant breached the express warranties it represented about its DeMarini baseball bats and their qualities because, as set forth above, the baseball bats were not actually USSSA compliant as warranted by Defendant.

45. As a direct and proximate result of Defendant's breach of its express warranties, Plaintiff and the members of the Class have been damaged in an amount to be determined at trial.

## COUNT III
### Breach of Implied Warranty
### (on behalf of the Class and the Illinois Subclass)

46. Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

47. The implied warranty of merchantability is codified in Section 2-314 of the Uniform Commercial Code ("UCC") and requires that goods have to be fit for the ordinary purposes for which goods of that type are used; have adequate labeling; and conform to any promises or affirmations made on any product label.

48. Most states' laws provide for enforcement of the implied warranty of merchantability through their adoption of the UCC, including in Illinois pursuant to 810 ILCS 5/2-314, as well as other states where Defendant sells the non-compliant DeMarini baseball bats.

9

49. Defendant, as the marketer, distributor, and seller of the DeMarini baseball bats purchased by Plaintiff and the other members of the class, is a merchant.

50. Plaintiff and the other Class members purchased Defendant's DeMarini baseball bats in a consumer transaction.

51. The affected DeMarini baseball bats sold by Defendant were not fit for the ordinary purposes for which goods of that type are used because they could not be used for play in baseball games subject to USSSA regulations contrary to the "USSSA" certification specifically placed on the bats.

52. The non-compliant DeMarini baseball bats sold by Defendant did not conform to the promises and affirmations made by Defendant on their labeling because they were labeled as being compliant with USSSA regulations when in fact they were not.

53. Plaintiff and the other Class members did not receive the baseball bats that were warranted to them, because the baseball bats they purchased did not meet USSSA regulations as promised by the Defendant.

54. As a result of Defendant's breach of warranty, Plaintiff and the other Class members suffered damages by purchasing baseball bats which failed to comply with USSSA regulations and could not be used for their ordinary intended purpose.

**COUNT IV**
**Unjust Enrichment**
**(in the alternative to the Second Cause of Action and**
**on behalf of the Class and the Illinois Subclass)**

55. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1–32 above.

56. Plaintiff and the other members of the Class conferred a benefit on Defendant by purchasing the non-compliant DeMarini baseball bats.

57. It is inequitable and unjust for Defendant to retain the revenues obtained from purchases of its defective DeMarini baseball bats by Plaintiff and other Class members because Defendant misrepresented the qualities of the baseball bats and the baseball bats could not be used in the very games that they were specifically sold and manufactured for play in.

58. Accordingly, because Defendant will be unjustly enriched if it is allowed to retain such funds, Defendant must pay restitution to Plaintiff and the other Class members in the amount which Defendant was unjustly enriched by each of their purchases of its defective DeMarini baseball bats.

WHEREFORE, Plaintiff, on behalf of himself, the Class and the Subclass, prays for the following relief:

1. An order certifying the Class and Subclass as defined above;

2. An award of actual or compensatory damages, or, in the alternative, disgorgement of all funds unjustly retained by Defendant as a result of its unfair and deceptive sales practices;

3. An award of reasonable attorneys' fees and costs; and

4. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: April 24, 2017

      THEODORE SHEELEY, individually and on behalf of a class of similarly situated individuals

      /s/ Scott Morgan
        One of Plaintiff's Attorneys

Scott A. Morgan
Morgan Law Firm, Ltd.
55 West Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 327-3386
Fax: (888) 396-2478

smorgan@smorgan-law.com

Myles McGuire
Evan M. Meyers
Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, Illinois 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
emeyers@mcgpc.com
eturin@mcgpc.com

*Attorneys for Plaintiff and the Class*