# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

THEODORE SHEELEY, individually
and on behalf of a class of similarly situated
individuals,

                              Plaintiff,

              v.

WILSON SPORTING GOODS CO.,

                              Defendant.

Case No. 1:17-cv-03076

Honorable Sharon Johnson Coleman

Magistrate, Honorable Young B. Kim

**DEFENDANT'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS
AND STRIKE CLASS ACTION
COMPLAINT**

**KEY & ASSOCIATES**
Jeffery A. Key, Esq.
321 N. Clark Street, Ste. 500
Chicago, Illinois 60654
PH: (312) 560-2148
Email: jakey@key-and-associates.com

**SEYFARTH SHAW LLP**
Michael R. Levinson
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
PH: 312-460-5000
Email: mlevinson@seyfarth.com

**Attorneys for Defendant Wilson Sporting Goods Co.**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...............................................................................................II

I.       INTRODUCTION ...................................................................................... ii

II.      STATEMENT OF FACTS ........................................................................ 2

        A.     The Parties and Putative Class.................................................. 2

        B.     Alleged Unfair or Deceptive Acts and Practices ...................... 3

III.     ARGUMENT ............................................................................................ 3

        A.     Fed. R. Civ. P. 12(b)(6) and 9(b) Standards ............................ 3

        B.     Count I for Consumer Fraud Should be Dismissed For Failing to Meet Rule 9(b)'s Particularity Requirements ...................................... 4

        C.     Counts 2 and 3 (Breach of Express and Implied Warranty) Should Be Dismissed For Lack of Privity .................................................. 5

        D.     Count IV - Sheeley's Claim for Unjust Enrichment Must Be Dismissed Due to the Claim at Law Seeking the Same Remedy ............... 6

        E.     Sheeley's Nationwide Class Allegations Should be Stricken.................... 8

IV.     CONCLUSION ...................................................................................... 13

# TABLE OF AUTHORITIES

**CASES**                                                                      **Page(s)**

*Alliance Acceptance Co. v. Yale Ins. Agency,*
    271 Ill. App. 3d 483, 648 N.E.2d 971, 977 (1995)……………………………………………7

*Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*,
    390 F.Supp.2d 1170, 1178 (M.D. Fla. 2005)……………………………………………………7

*AnchorBank, FSB v. Hofer*,
    649 F.3d 610, 615 (7th Cir. 2011)……………………………………………………………5

*Ashcroft v. Iqbal,*
    556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) .........................................................4

*Avery v. State Farm Mutual Automobile Insurance Co.*,
    216 Ill .2d 100, 187, 296 Ill. Dec. 448, 835 N.E.2d 801 (2005)……………………...1, 10, 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) ........................................................4

*Charles Hester Enters., Inc. v. Ill. Founders Ins. Co.*,
    137 Ill.App.3d 84, 484 N.E.2d 349, 354 (1985)……………………………………………8

*Dravo Equip. Co. v. German*,
   698 P.2d 63, 65–66 (Or. Ct. App. 1985)……………………………………………………6

*Harris v. Great Atlantic & Pacific Tea Co*.,
   23 Mass. App. Ct. 169 (Mass. Dist. CL 1962) ........................................................6

*Hoey v. Sony Elecs. Inc*.,
   515 F. Supp. 2d 1099, 1106 (N.D. Cal. 2007)……………………………………………..5

*In Re Aqua Dots Product Liability Litigation*,
   654 F.3d 748, 752 (7th Cir. 2011)………………………………………………………...11

*In Re Bridgestone/Firestone,*
   288 F.3d 1012 (7th Cir. 2002)……………………………………………………...…10, 11

*In re General Motors Corp. Dex-Coll Pod. Lia. Lit.*,
   241 F.R.D. 305, 315 (S.D. Ill. 2007). …………………………………………....………9

*In re GMC Dex-Cool Prods. Liab. Litig*,
   241 F.R.D. 305, 319-320 (S.D. Ill. 2007)……………………………………………...…12

*In re Yasmin & Yaz Products Liability Litigation*,
   275 F.R.D. 276 (S.D. Ill. 2011)…………………………………………………………….9

*Jovine v. Abbott Laboratories, Inc*.,
   795 F. Supp. 2d 1331, 1341-42 (S.D. Fla. 2011) (1996) .....................................7, 8

*Martin v. Dierck Equipment Co*.,
   43 N.Y.2d 583, 403 N.Y.S.2d 185, 374 N.E.2d 97 (1978)…………………………………6

*Martis v. Grinnell Mut. Reinsurance Co.*,
   388 Ill. App. 3d 1017, 329 Ill. Dec. 82, 905 N.E.2d 920 (2009)…..……………………..6, 8

*Mazza v. American Honda Motor Company*, Inc.,
   666 F.3d 581, 596 (9th Cir. 2012)……………………………………………………...11

*Mekertichian v. Mercedes–Benz U.S.A., L.L.C.*,
   347 Ill. App. 3d 828, 807 N.E.2d 1165 (2004) .................................................5, 6

*Melander v. Kileen*,
   86 Ill. App. 3d 213, 41 Ill. Dec. 639, 640, 407 N.E.2d 1137, 1138 (1980)…………………..5

*Milbank Mut. Ins. Co. v. Proksch*,
   244 N.W.2d 105 (Minn. 1976) .................................................................6

*O & G Indus., Inc. v. Lafarge Bldt. Materials, Inc.,*  [Appendix 2]
   No. CV065002572, 2010 WL 760430, at *4 (Conn. Super. Ct. Jan. 22, 2010)……………... 6

*Osborne v. Subaru of America, Inc*.,
   198 Cal. App. 3d 646, 656 n. 6, 243 Cal. Rptr. 815 (1988)………...………..…………………..6

*Papasan v. Allain*,
    478 U.S. 265, 286 (1986)………………………………………………...………4

*Phillips Petroleum Co. v. Shutts et al.*,
    472 U.S. 797, 821–22, 105 S. Ct. 2965 (1985)……………………………………12

*Pilgrim v. Universal Health Card, LLC*,
    660 F.3d 943, 948 (6th Cir. 2011)………………………………………………9

*Prohias v. Pfizer, Inc.*,
    490 F.Supp.2d 1228, 1236 (S.D. Fla.2007) …………………………………....7

*Raintree Homes, Inc. v. Vill. of Long Grove*,
    209 Ill.2d 248, 807 N.E.2d 439, 445 (2004)……………………………...........8

*Rikos v. Procter & Gamble Co.*, [Appendix 2]
    2012 WL 641946 at *7 (S.D. Ohio, Feb. 28, 2012) ………………………………9, 12

*Route v. Mead Johnson Nutrition Co*., [Appendix 2]
    2013 WL 658251 at *8-9 (C.D. Cal. February 21, 2013)……………………………9

*Szabo v. Bridgeport Machs., Inc.*,
    249 F.3d 672 (7th Cir. 2001) ........................................................10, 12

*Szajna v. General Motors Corp*.,
    115 Ill.2d 294, 311, 503 N.E.2d 760, 767 (1986)……………………………..5

*T.W.M. v. Am. Med. Sys., Inc.*,
    886 F. Supp. 842, 844 (N.D. Fla. 1995)……………………………………….6

*United States ex rel. Lusby v. Rolls–Royce Corp*.,
    570 F.3d 849, 854-55 (7th Cir. 2009)……………………………………………5

*Vess v. Ciba-Geigy Corp*.,
    317 F.3d 1097, 1103–04 & 1108 (9th Cir. 2003)……………………………..5

*Virnich v. Vorwald*,
    664 F.3d 206, 212 (7th Cir. 2011) ........................................................4

## OTHER AUTHORITIES

Fed. R. Civ. P. 9(b) ............................................................... passim

Fed. R. Civ. P. 12(b)(6)...............................................................3, 4

Fed. R. Civ. P. 23...............................................................9, 11, 13

## I.     INTRODUCTION

Plaintiff Theodore Sheeley ("Sheeley") filed his purported national class action Complaint on April 24, 2017 (ECF No. 1), against Defendant Wilson Sporting Goods Co. ("Wilson"). Sheeley alleges that he purchased a bat for his son, but does not allege the model of bat (describing only a DeMarini brand bat), the date of purchase, the place of purchase, or the seller. Sheeley alleges that the undefined DeMarini brand model that he purchased is falsely labeled as compliant with standards promulgated by the United States Specialty Sports Association ("USSSA"), but Sheeley does not allege how or why the bats do not meet USSSA standards, nor does he identify any USSSA standard.  (Cmplt. ¶ 16).

The Complaint has four counts.  Count I is for violation of 50 separate state consumer fraud statutes, including the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 502/1 *et. seq.* ("ICFA"). Counts II through IV arise under the common law of each of the 50 states. Count II is for breach of express warranty, Count III is for breach of implied warranty, and Count IV is for unjust enrichment.

Sheeley's claims must be dismissed, and his national class allegations stricken. Fed. R. Civ. P. Rule 23(c)(1)(A) requires a court to consider issues of class certification "at an early practicable time after a person sues or is sued as a class representative . . .."  It is apparent from the face of the Complaint that a national class cannot be certified as a matter of law because the national class claims would have to be litigated under the different consumer fraud and warranty laws of all 50 states. Illinois law may not be applied to claims of purchasers of bats in other states who had no contact with Illinois.  *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 187, 296 Ill. Dec. 448, 835 N.E.2d 801 (2005).  In addition, the Complaint fails to state a claim and should be dismissed.

- Count I for consumer fraud should be dismissed because it does not meet the particularity

requirements of Rule 9(b). Count 1 fails to allege such basic facts as the model of bat Sheeley purchased, where and when he purchased the bat and what he saw, read and relied on when purchasing the bat.

- Counts 2 and 3 for breach of implied and express warranty should be dismissed because Sheeley is not in privity with Wilson, an indispensable element of each claim.

- Count 4 for "unjust enrichment" should be dismissed because no equitable claim or remedy exists where, as here, Sheeley has asserted a legal claim and remedy.

For these reasons, as more fully explained below, Sheeley's Complaint should be dismissed and his national class allegations should be stricken.

## II. STATEMENT OF FACTS

### A. The Parties and Putative Class

Sheeley is an individual and a citizen of Illinois. (Cmplt. ¶ 7). Wilson is a Delaware corporation headquartered in Chicago, Illinois. (Cmplt. ¶ 8). Sheeley bought an unnamed DeMarini brand bat model from an unidentified source on an unspecified date. (Cmplt. ¶ 22). There is no allegation that Sheeley purchased the bat directly from Wilson. Sheeley's complaint is brought on behalf of the following putative class and subclass:

(i)      The Class: All persons in the United States and its Territories who, within the applicable statute of limitations, purchased any defective models of Defendant's DeMarini baseball bats;

(ii)      The Illinois Subclass: All persons who, within three years prior to the commencement of this action, purchased any defective models of Defendant's DeMarini baseball bats in the state of Illinois.

Though the class definitions use the terms "defective models of Defendant's DeMarini baseball bats," the Complaint does not define that term and does not allege any particular defect in any particular DeMarini bat, other than the alleged failure of certain unspecified bats to meet some undefined USSSA standard.

2

B.     **Alleged Unfair or Deceptive Acts and Practices**

Sheeley alleges that all of "DeMarini's baseball bats are labeled and advertised as 'USSSA' compliant" and bear "a silver sticker certifying such compliance." (Cmplt ¶ 16). Sheeley alleges that he purchased "a DeMarini bat" for his son "which prominently featured" the silver sticker. (Cmplt. ¶ 22). But Sheeley does not allege which bat model he purchased, when he purchased the bat or where he purchased the bat. Sheeley likewise does not allege that he read or relied on the silver sticker when he purchased the bat and he does not allege that he ever saw, read or relied on any Wilson advertising, or other labels, in connection with his purchase. Sheeley does not allege what the silver sticker actually says and he does not allege what any Wilson or DeMarini advertising actually says. In short, there are no particulars whatsoever regarding any representation that Sheeley relied upon and that he claims to be false.

Sheeley alleges that Wilson's "representations" that its bats were USSSA compliant were "false and misleading." (Cmplt. ¶ 23). According to Sheeley, "certain" unspecified models of DeMarini baseball bats failed to comply with unspecified USSSA requirements. (Cmplt ¶ 17). Sheeley alleges that "Defendant itself" has recently stated that several DeMarini bats "have been officially withdrawn from USSSA play." (Cmplt. ¶ 18). Once again, however, Sheeley does not identify any specific models, nor does he allege that the model he purchased was one that was withdrawn. Sheeley alleges that "Defendant has offered various options to replace the affected baseball bats", but he does not allege whether he received or accepted any such offer. (Cmplt. ¶ 20).

III.    **ARGUMENT**

A.    **Fed. R. Civ. P. 12(b)(6) and 9(b) Standards**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678. Further, in alleging that Wilson's conduct was fraudulent in nature, Rule 9(b) requires Sheeley to plead with specificity the allegedly fraudulent statements by Wilson. The "circumstances constituting fraud" include "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (internal quotation omitted).

While under Rule 12(b)(6) the court must assume that the plaintiff's allegations are true, it may disregard formulaic recitations of claim elements. See *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bell Atlantic Corp., supra*, 550 U.S. 544, 570, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

**B.** **Count I for Consumer Fraud Should be Dismissed For Failing to Meet Rule 9(b)'s Particularity Requirements**

Count I fails the Rule 9(b) particularity standard. Not only does Count 1 fail to allege the who, what, when, where and how of Wilson's alleged misrepresentation, but it also fails to state the alleged misrepresentations itself. As a defendant on a fraud claim, Wilson is entitled to know exactly what it is alleged to have done. In accordance with Fed. R. Civ. P. 9(b), "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Seventh Circuit requires a party alleging fraud to "state with particularity the

circumstances constituting fraud." Pleading fraud with particularity requires "describing the 'who, what, when, where, and how' of the fraud." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011). See also, *United States ex rel. Lusby v. Rolls–Royce Corp.*, 570 F.3d 849, 854-55 (7th Cir. 2009) (failure to allege the specific fraudulent statement is grounds for dismissal).

In order to meet this heightened pleading standard, a plaintiff is required to plead specifics. "The circumstances of fraud or mistake include 'the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc.*, 536 F.3d 663, 668 (7th Cir. 2008) (citations omitted).

Rule 9(b) also applies to all allegations that "necessarily describe fraudulent conduct." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103–04 & 1108 (9th Cir. 2003); *Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1106 (N.D. Cal. 2007) ("Plaintiffs should also note that Rule 9(b) applies not only to claims in which fraud is an essential element, but also to claims grounded in allegations of fraudulent conduct"). Thus, Plaintiff is required to plead claims under state consumer fraud statutes with particularity. Sheeley's Count I fails to do so, and therefore should be dismissed.

### C.  Counts 2 and 3 (Breach of Express and Implied Warranty) Should Be Dismissed For Lack of Privity

The Complaint alleges that Wilson expressly warranted through "product labeling and advertising," that the unidentified DeMarini brand bats were USSSA compliant. (Cmplt. ¶ 43, 51). However, Sheeley cannot assert a warranty claim because he lacks privity. Under Illinois law, a plaintiff must be in immediate privity with the seller to maintain a warranty claim. *Mekertichian v. Mercedes–Benz U.S.A., L.L.C.*, 347 Ill. App. 3d 828, 832, 807 N.E.2d 1165,

1168 (2004) (citing *Szajna v. General Motors Corp*., 115 Ill.2d 294, 311, 503 N.E.2d 760, 767

(1986); *Melander v. Kileen*, 86 Ill. App. 3d 213, 41 Ill. Dec. 639, 640, 407 N.E.2d 1137, 1138

(1980) (privity required for warranty claim asserting economic injury).

In addition, a buyer of goods seeking purely economic damages (all that Sheeley seeks)

for a breach of an implied warranty has "'a potential cause of action only against his immediate

seller.'" *Mekertichian,* 347 Ill.App.3d at 832, 807 N.E.2d at 1168 (citation omitted). At least

forty (40) other states in the requested national class also require privity in one form or another.[1]

In addition, at least twelve states require reliance upon a specific warranty representation in order

to state a claim.[2]

### D.    Count IV - Sheeley's Claim for Unjust Enrichment Must Be Dismissed Due to the Claim at Law Seeking the Same Remedy

Sheeley cannot proceed with a claim of unjust enrichment (Count IV), an equitable

remedy, as he has also alleged violation of state consumer protection laws, which if proven

would provide an adequate legal remedy. In *Martis v. Grinnell Mut. Reinsurance Co*., 388 Ill.

App. 3d 1017, 329 Ill. Dec. 82, 905 N.E.2d 920 (2009), the court stated the following: "The

doctrine of unjust enrichment underlies a number of legal and equitable actions and remedies.

Unjust enrichment is not a separate cause of action that, standing alone, will justify an action for

---

[1] States imposing direct privity (in addition to Illinois) include: *Martin v. Dierck Equipment Co*., 43 N.Y.2d 583, 403 N.Y.S.2d 185, 374 N.E.2d 97 (1978); *Harris v. Great Atlantic & Pacific Tea Co*., 23 Mass. App. Ct. 169 (Mass. Dist. CL 1962); *Milbank Mut. Ins. Co. v. Proksch*, 244 N.W.2d 105 (Minn. 1976); *Dravo Equip. Co. v. German*, 698 P.2d 63, 65–66 (Or. Ct. App. 1985); *O & G Indus., Inc. v. Lafarge Bldt. Materials, Inc*., No. CV065002572, 2010 WL 760430, at *4 (Conn. Super. Ct. Jan. 22, 2010) ("Connecticut law provides that a contractual breach of warranty claim requires privity.") (collecting cases); *Messer Griesheim Industries, Inc. v. Cyrotech of Kingsport,* Inc., 131 S.W.3d 457, 465 (Tenn. Ct. App. 2003) ("Tennessee law does not allow recovery of economic losses under a breach of warranty theory absent privity."); *T.W.M. v. Am. Med. Sys., Inc*., 886 F. Supp. 842, 844 (N.D. Fla. 1995) ("The law of Florida is that to recover for the breach of a warranty, either express or implied, the plaintiff must be in privity of contract with the defendant."); *Osborne v. Subaru of America, Inc*., 198 Cal. App.3d 646, 656 n. 6, 243 Cal. Rptr. 815 (1988).. See also, Appendix 1, pp. 14-16.

[2] See Appendix 1, pp. 12-13 for case citations. The states are Arizona, Georgia, Massachusetts, Illinois, Maine, Nebraska, New Hampshire, Pennsylvania, New Mexico, Oklahoma, Wyoming, and Tennessee.

recovery. Rather, it is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence, and may be redressed by a cause of action based upon that improper conduct." *Id.*, 329 Ill. Dec. 82, 905 N.E.2d at 928. In this action, Sheeley asserts legal claims for the same conduct and damages (e.g. consumer fraud), and accordingly has no separate cause of action for unjust enrichment.

This policy was well articulated in a Florida case, *Jovine v. Abbott Laboratories, Inc.*, 795 F. Supp. 2d 1331, 1341-42 (S.D. Fla. 2011) (Florida is part of the national class claim):

> Unjust enrichment is an equitable doctrine. "Liability in unjust enrichment has in principle nothing to do with fault. It has to do with wealth being in one person's hands when it should be in another person's." *Guyana Tel. & Tel. Co. v. Melbourne Int'l Commc'ns, Ltd.*, 329 F.3d 1241, 1245 n. 3 (11th Cir. 2003). * * *
>
> Here, **the Court must dismiss Plaintiff's claim for unjust enrichment because he does not lack an adequate legal remedy**. See *Prohias v. Pfizer, Inc.*, 490 F.Supp.2d 1228, 1236 (S.D. Fla.2007) ("Prohias II ") (dismissing unjust enrichment claim premised upon misrepresentations about a product's qualities) (citing *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, 390 F.Supp.2d 1170, 1178 (M.D. Fla. 2005) ("It is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy.")). **Plaintiff, in his unjust enrichment claim, seeks recovery for the exact same wrongful conduct as in his other claims. Thus, if Defendant was negligent in the manufacture, distribution, etc. of its product, and Plaintiff was damaged by that negligence, then Plaintiff has a remedy at law as a properly pled claim under Florida law**. See Prohias II, 490 F.Supp.2d at 1236 (citing *Am. Honda*, 390 F.Supp.2d at 1178). Likewise, if Abbott misrepresented the nature of its product and Plaintiff relied on that misrepresentation to his detriment, or if Abbott otherwise employed a deceptive or unfair trade practice that caused Plaintiff damages, see section II.J, infra, then Plaintiff has a remedy at law as a properly pled claim under Florida law. **In other words, although a plaintiff ordinarily may plead in the alternative, here, if Plaintiff cannot prevail with his available legal remedies, he cannot prevail on his unjust enrichment claim**." (Emphasis added).

This is consistent with Illinois law. *Alliance Acceptance Co. v. Yale Ins. Agency*, 271 Ill. App. 3d 483, 648 N.E.2d 971, 977 (1995) ("The term 'unjust enrichment' is not descriptive of conduct that, standing alone, will justify an action for recovery. Rather, it is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence, and may be redressed by a cause of action based upon that improper conduct.")

(quoting *Charles Hester Enters., Inc. v. Ill. Founders Ins. Co*., 137 Ill.App.3d 84, 484 N.E.2d 349, 354 (1985)).

The Illinois Supreme Court has stated that unjust enrichment may not be an "alternative" claim. In *Raintree Homes, Inc. v. Vill. of Long Grove*, 209 Ill.2d 248, 807 N.E.2d 439, 445 (2004), the plaintiffs were seeking the refund of overpaid fees under an unjust enrichment theory. No other underlying cause of action was alleged. The Court noted: "Here, plaintiffs have no substantive claim grounded in tort, contract, or statute; therefore the only substantive basis for the claim is restitution to prevent unjust enrichment." *Id*. Accordingly, while the Court allowed the sole claim to proceed, it was only because other claims seeking the same relief based upon the same facts were not plead.

Sheeley alleges only one set of operative facts to support all of his claims. Sheeley uses the same allegations to support the consumer protection claim and the unjust enrichment claim. As set forth by the courts in *Martis. Alliance, Raintree* and *Jovine*, Sheeley cannot plead legal and equitable claims in the alternative. Sheeley has not alleged that he lacks an adequate remedy at law. Accordingly, Sheeley's assertion of legal claims under the consumer laws, for example under the ICFA, bars his equitable claim of unjust enrichment and the latter claim must be dismissed.

### E.     Sheeley's Nationwide Class Allegations Should be Stricken

No class ought to be certified in this case for a number of reasons, and Wilson will be prepared to brief certification issues should Sheeley survive dismissal, and if the motion for class certification is set for briefing. But it is apparent at this point, based on Sheeley's Complaint and Seventh Circuit precedent, that Sheeley is not entitled to a national class of purchasers of Wilson bats. This is true as a matter of law. For that reason, Wilson moves now to strike and dismiss Sheeley's national class allegations.

Fed. R. Civ. P. Rule 23(c)(1)(A) requires a court to consider issues of class certification "at an early practicable time after a person sues or is sued as a class representative…." Numerous courts, including within the Seventh Circuit, have recognized that "[i]n determining whether a party complies with Rule 23, a court does not have to wait until class certification is sought." *In re Yasmin & Yaz Products Liability Litigation*, 275 F.R.D. 276 (S.D. Ill. 2011); "where the matter is sufficiently obvious from the pleadings, a court may strike class allegations." *Route v. Mead Johnson Nutrition Co*., 2013 WL 658251 at *8-9 (C.D. Cal. February 21, 2013) (striking and dismissing nationwide class). See also, *Rikos v. Proctor & Gamble Co*., 2012 WL 641946 *7 (S.D. Ohio February 28, 2012) (striking and dismissing nationwide consumer fraud class allegations); Sanders v. Apple, Inc., 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) ("not premature" to strike nationwide class allegations); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 948 (6th Cir. 2011) (affirming dismissal of nationwide class allegations).

### 1.    The Nationwide Consumer Fraud Class Should Be Stricken

Sheeley seeks a national consumer fraud class of purchasers. (Cmplt. ¶ 26). Sheeley's claims on behalf of this national class are for violations of state consumer fraud and breach of express and implied warranty laws, and for "unjust enrichment."   As discussed below, the Seventh Circuit and other courts have already surveyed the differences among the states in some of these causes of action and have rejected national classes as a result. In addition, Wilson has provided a survey of the differences in laws not yet surveyed by the courts.   **Appendix A** demonstrates the numerous material differences in the state consumer protection laws.   These material differences compel rejection of a national class in this case.   The variety of consumer rights, based upon 50 different state consumer protection schemes, are far too numerous to litigate in a single case, and would turn this case into a complex, unmanageable nightmare.

9

Sheeley, a resident of Illinois, alleges violation of Illinois consumer laws, along with all other states' laws. In Illinois, as determined by the Illinois Supreme Court in *Avery v. State Farm Mutual Automobile Insurance Co*., 216 Ill .2d 100, 187, 296 Ill. Dec. 448, 835 N.E.2d 801 (2005), the Illinois Consumer Fraud Act is inapplicable to a non-Illinois resident whose transaction occurred outside of Illinois.

Sheeley's allegations and request for a multi-state class should be stricken and dismissed for reasons that the Seventh Circuit made clear in *In Re Bridgestone/Firestone, Inc*., 288 F.3d 1012 (7th Cir. 2002). In *Bridgestone*, the plaintiffs sought a nationwide class of SUV purchasers for consumer fraud and breach of warranty claims relating to various tire issues. In rejecting such a nationwide class, the Seventh Circuit reasoned that:

> Differences across states may be costly for courts and litigants alike, but they are a fundamental aspect of our federal republic and must not be overridden in a quest to clear the queue in court. See *BMW v. Gore*, 517 U.S. at 568–73, 116 S.Ct. 1589; *Szabo* (reversing a nationwide warranty class certification); *Spence v. Glock, G.m.b.H*., 227 F.3d 308 (5th Cir. 2000) (reversing a nationwide tort class certification)...."

288 F.3d at 1020. The Court determined that such national fraud and warranty actions are not appropriate, especially in the context of multiple products (as Sheeley seems to allege here). The Court stated that: "Our decision in *Rhone–Poulenc Rorer* made this point, and it is worth reiterating: only 'a decentralized process of multiple trials, involving different juries, and different standards of liability, in different jurisdictions' (51 F.3d at 1299) will yield the information needed for accurate evaluation of mass tort claims." *Id*.

In this case, the Court would have to apply 50 different state law structures to the consumer fraud and warranty claims. Yet the material differences in the laws are inescapable. Wilson has compiled an Appendix which discusses the many differences in the various states' laws regarding standing, reliance, damages, and other elements of the claims. See **Appendix 1**.

10

Residents of each state are entitled to the protection of their own state laws. Just as in *Bridgestone*, such an endeavor does violence to Rule 23's purpose, and the multi-state claims should be stricken.

The inappropriateness of national classes in consumer fraud cases was confirmed by the Seventh Circuit more recently in *In Re Aqua Dots Product Liability Litigation*, 654 F.3d 748, 752 *(7th Cir. 2011). The putative class plaintiffs sought a national class of purchasers of a child's toy,* asserting various consumer claims and seeking compensatory damages and other relief, similar to Sheeley in the instant case. Relying on *Bridgestone*, the Court reiterated that such a class is unmanageable due to the variability of the state's laws. *Id.* at 752. In addition, the Court rejected the idea of subclasses for each state as that would not make the case any more manageable or cost effective. 654 F.3d at 753.

Indeed, the Ninth Circuit made this clear in *Mazza v. American Honda Motor Company*, Inc., 666 F.3d 581, 596 (9th Cir. 2012). In *Mazza*, the plaintiffs were automobile purchasers who claimed that Honda violated California's consumer fraud statutes by misrepresenting in various advertisements the characteristics of a braking feature. 666 F.3d at 585. The *Mazza* plaintiff sought to represent a "nationwide class of all consumers who purchased or leased Acura RLs equipped with" the feature during a 3-year period. 666 F.3d at 585. The Court explained that: "Because the law of multiple jurisdictions applies here to any nationwide class of purchasers or lessees of Acuras including a CMBS system, variances in state law overwhelm common issues and preclude predominance for a single nationwide class." 666 F.3d at 596. Accordingly, the national class of consumer fraud claims sought by Sheeley should be stricken.

The U.S. Supreme Court has placed significant limitations upon the ability to apply the law of one state against citizens of other states. For a state court to apply its law to the claims of

out-of-state parties in a class action suit, the Supreme Court has held that a state must have a "significant contact or significant aggregation of contacts" to the claims asserted by each member of the class. *Phillips Petroleum Co. v. Shutts et al*., 472 U.S. 797, 821–22, 105 S. Ct. 2965 (1985) (citations omitted).

The Illinois Supreme Court held in *Avery, supra*, 216 Ill.2d at 187–89, that the law of the state where the consumer had the most contacts (domicile, place of purchase, where the products were used), determines the applicable law. In this case, each consumer's home state's laws are thus applicable to their claims. Here, Sheeley only has standing to assert claims under Illinois law; he plainly does not have standing to assert claims under other state's statutes which have no application or nexus to his purchase of his bat.

### 2. Nationwide Class for Breach of Express or Implied Warranty Should be Stricken

The Seventh Circuit has indicated that warranty claims are similarly not appropriate for nationwide class treatment. In *Szabo v. Bridgeport Machs., Inc*., 249 F.3d 672, 674 (7th Cir. 2001), the court vacated certification of a nationwide class of machine tool purchasers because "[s]tates also differ substantially in their willingness to permit buyers of commercial products to recover in tort for defects that are covered by warranties." Wilson sets forth these differences in Appendix 1.

Similarly, the court in *In re GMC Dex-Cool Prods. Liab. Litig*, 241 F.R.D. 305, 319-320 (S.D. Ill. 2007), denied certification of a nationwide class of GM automobile owners and lessees after surveying case law from almost every state and concluding that "a large number of states in the proposed class, possibly a majority, hold that reliance is not an element of an express warranty claim," however, "a significant number of other states in the proposed class require specific reliance on a seller's statements as a condition of recovery….," and "a small minority of

states… follow a third approach to reliance, holding that a seller's affirmations and promises relating to goods create a rebuttable presumption of reliance by the buyer." See also *Rikos v. Procter & Gamble Co*., 2012 WL 641946 at *6 (S.D. Ohio, 2012) ("different states have different elements for breach of express warranty, and the court finds these variations are material").

This Court would be required to apply the varying laws of 50 states in order to proceed with a national class action for breach of express or implied warranty. Each state's specific privity requirements, and there are many, as well as each state's reliance requirements would have to be assessed as to each putative class member in each and every state. A summary of the many differences in the various states' laws is attached hereto as Appendix 1. As a matter of law, this is unmanageable and the national class assertions in Count IV should be stricken. Sheeley's individual Magnuson Moss claims should be dismissed for lack of privity.

Because of the differences in the laws of the various states, Sheeley cannot satisfy the Rule 23 prerequisites of commonality and predominance on a nationwide basis as a matter of law and his allegations and claim for a national warranty class should be stricken and dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court dismiss Sheeley's consumer fraud claims (Count I) because Sheeley has failed to meet the particularity requirements of Rule 9(b) in his attempt to state a claim. Sheeley's breach of warranty causes of action (Counts II and III) should be dismissed due to the absence of privity for his purely economic loss claims. Sheeley's unjust enrichment claim (Count IV) must be dismissed as he has alleged claims at law which, if proven, would provide an adequate remedy, thereby barring his attempt to assert an equitable claim in the alternative. Finally, the national class allegations of consumer fraud and breach of express and implied warranty must be stricken for improperly

implicating the consumer fraud and warranty law of all 50 states which vary widely regarding the elements of consumer fraud as well as the warranty elements of privity, reliance, and the limitation periods, thereby making a national class inappropriate as a matter of law.

**Dated**: June 7, 2017        /s/ Jeffery A. Key         .
                                Jeffery A. Key, Esq. (#6269206)
                                **Key & Associates**
                                321 N. Clark Street, Ste. 500
                                Chicago, Illinois 60654
                                PH: (312) 560-2148
                                Email: jakey@key-and-associates.com

Michael R. Levinson
**Seyfarth Shaw LLP**
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
PH:  312-460-5000
Email:  mlevinson@seyfarth.com

**Attorneys for Defendant Wilson Sporting Goods Co.**

14