**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THEODORE SHEELEY and TIMOTHY WALKER, individually and on behalf of similarly situated individuals, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 17-cv-03076 |
| v. | ) ) | Hon. Sharon Johnson Coleman |
| WILSON SPORTING GOODS CO., a Delaware corporation | ) ) ) | Magistrate Judge Young B. Kim |
| *Defendant*. | ) ) ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs, Theodore Sheeley and Timothy Walker, bring this First Amended Class Action Complaint against Defendant, Wilson Sporting Goods, Co., to seek redress for Defendant's sale of baseball bats that were falsely advertised and labeled as meeting United States Specialty Sports Association ("USSSA") standards when in fact they did not. On their own behalf and on behalf of a proposed class of individuals who purchased such bats, Plaintiffs seek damages and restitution from Defendant for selling products that did not conform to its representations and warranties to consumers. Plaintiffs allege as follows based on personal knowledge as to themselves and their own acts and experiences, and as to all other matters, on information and belief, including an investigation by their attorneys.

### NATURE OF THE ACTION

1.      Defendant is one of the largest manufacturers and sellers of sporting goods and equipment in the country, including a number of different types of baseball bats under a variety of brands it owns and operates.

- 1 -

2.     Defendant regularly advertises and sells a popular, premium brand of baseball bats known as its "DeMarini" brand.

3.     A large number of Defendant's customers play in various local and national leagues that adhere to USSSA standards for baseball bat manufacturing.

4.     Accordingly, a number of Defendant's DeMarini baseball bats are specifically labeled and advertised as being "USSSA" compliant.

5.     However, a recent "audit" of several models of DeMarini "youth baseball bats" has revealed that the baseball bats purchased by Plaintiffs and the other members of the proposed Class are not actually USSSA compliant, and cannot be used for play in any league that adheres to USSSA regulations.

6.     Accordingly, Plaintiffs bring this action on their own behalf and on behalf of similarly situated consumers in Illinois and elsewhere nationwide to obtain redress for those who purchased DeMarini baseball bats that failed to comply with USSSA regulations.

**PARTIES**

7.     Plaintiff Theodore Sheeley is a natural person and a citizen of Illinois.

8.     Plaintiff Timothy Walker is a natural person and a citizen of Texas.

9.     Defendant Wilson Sporting Goods, Co. is a Delaware corporation with its principal place of business located in Chicago, Illinois. Wilson manufactures, advertises, and sells sporting goods equipment, including the DeMarini baseball bats at issue in this suit, online and through retail stores located in Illinois and elsewhere throughout the country.

**JURISDICTION AND VENUE**

10.     This Court may assert subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), because this case is a class action in which the matter in controversy exceeds

the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant's states of citizenship; and none of the exceptions under subsection 1332(d) apply to the instant action.

11.    This Court has personal jurisdiction over Defendant, because Defendant's headquarters are located in Illinois, and because Plaintiffs' claims arose out of Defendant's in state activities, as Defendant advertised and sold its DeMarini baseball bats in Illinois. Defendant has also advertised, distributed, and sold its baseball bats in Illinois such that it has sufficient minimum contacts with Illinois and/or has purposely availed itself of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendant.

12.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District, as Defendant advertised its baseball bats in this District, and Plaintiff Sheeley purchased one of Defendant's baseball bats in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13.    Defendant is one of the largest manufacturers of sporting goods equipment in the country.

14.    Some of the most common and popular sports products Defendant sells are baseball bats. Defendant manufactures a number of different types of baseball bats under various brand names, including a line of premium bats sold under its "DeMarini" brand name.

15.    A large number of Defendant's customers who buy its DeMarini baseball bats are parents of school age children in middle school and high school who play for various local and national leagues and/or tournaments that adhere to USSSA regulations.

16.     Among other things, the USSSA sets specific requirements for the manufacturing and performance of baseball bats, which must be met in order for any particular baseball bat to be used in a game played under its regulations.

17.     A number of Defendant's DeMarini baseball bats are labeled and advertised as being "USSSA" compliant, and they often feature a silver label affixed to the surface of the bat and prominently displayed, certifying that the bat is "USSSA" compliant.

18.     However, unbeknownst to consumers who purchased them, certain DeMarini baseball bats that Defendant sold fail to comply with USSSA's requirements—despite being labeled as USSSA certified—and cannot not be used to play in games governed by USSSA's regulations.

19.     In fact, Defendant itself has recently stated that several models of DeMarini baseball bats "have been officially withdrawn from USSSA baseball play" as a result of "its youth baseball bat BPF audit for USSSA."

20.     The affected baseball bats that Defendant sold were some of the most expensive and premium baseball bats that Defendant manufactures, with some models retailing for over Three Hundred and Fifty Dollars ($350.00). Amongst baseball players, "DeMarini" baseball bats are widely known as an upscale baseball bat that sells for a premium price.

21.     While Defendant has offered various options to replace the affected baseball bats, it has refused to offer refunds or full monetary compensation to individuals who purchased the mislabeled bats.

22.     Because the bats fail to comply with USSSA regulations, Defendant's representations that the affected DeMarini bats are USSSA compliant were false and misleading. As a result, Plaintiffs and the other members of the Class have been harmed by their purchases of

- 4 -

Defendant's DeMarini baseball bats and incurred damages.

23.     Defendant has received significant profits from its false marketing and sale of the DeMarini baseball bats purchased by Plaintiffs and the other members of the Class.

**Facts Specific to Plaintiff Sheeley**

24.     Plaintiff Sheeley's minor son plays baseball games adhering to USSSA regulations, which require that all bats used in the games are USSSA compliant.

25.     During the applicable limitations period, Plaintiff Sheeley purchased a DeMarini CF Zen (-8) 2 5/8" barrel bat from a sport shop in Lansing, Illinois. A baseball bat like the one Plaintiff Sheeley purchased is depicted below in Figure 1.



**(Figure 1)**

26.     The DeMarini bat that Plaintiff Sheeley purchased prominently featured a label representing that the bat complied with USSSA regulations when in fact it did not so comply. The label stamped on Plaintiff Sheeley's bat is depicted below in Figure 2.



**(Figure 2)**

27. The USSSA label as it appears on the bat that Plaintiff Sheeley purchased is depicted below in Figure 3.



**(Figure 3)**

28. Defendant represented to Plaintiff Sheeley that the DeMarini CF Zen (-8) 2 5/8" barrel bat was USSSA compliant through, among other things, the label on the bat, and intended that Plaintiff Sheeley rely on that representation in making his purchase. Plaintiff Sheeley did in fact rely on Defendant's representations.

**Facts Specific to Plaintiff Walker**

29.     Plaintiff Walker's minor son plays baseball games adhering to USSSA regulations, which require that all bats used in the games be USSSA compliant.

30.     During the applicable limitations period, Plaintiff Walker purchased a DeMarini CF Zen (-10) bat. A baseball bat like the one Plaintiff Walker purchased is depicted below in Figure 4.



**(Figure 4)**

31.     Plaintiff Walker later exchanged the bat he originally purchased for a DeMarini CF Zen (-8) bat.

32.     Upon learning that his bat was not USSSA compliant and could not be used in USSSA sanctioned games, Plaintiff Walker attempted to return the bat and receive a refund, but he was denied.

33.     Prior to purchasing the DeMarini bat depicted above, and prior to exchanging that bat for the subsequent bat, Defendant represented to Plaintiff Walker that both bats were USSSA compliant through, among other things, the labels on the bats, and intended that Plaintiff Walker rely on those representations in making his purchase. Plaintiff Walker did in fact rely on Defendant's representations.

## CLASS ACTION ALLEGATIONS

34.     Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on their own behalf and on behalf of a nationwide class (the "Class"), with one subclass (the "Subclass" or "Illinois Subclass") defined as follows:

> The Class: All persons in the United States and its Territories who, during the applicable limitations period, purchased any models of Defendant's DeMarini baseball bats that were represented as being USSSA compliant when they actually were not;

> The Illinois Subclass: All persons who, during the period of three years prior to the commencement of this action and the present, purchased any defective models of Defendant's DeMarini baseball bats in the state of Illinois where such bats were represented as being USSSA compliant when they actually were not.

35.     Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass, and have the financial resources to do so. Neither the Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class and Subclass.

36.     Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive and would have no effective remedy. Unless the Class and Subclass are certified, Defendant will retain the monies it received from the members of the Class and Subclass as a result of its unfair and deceptive conduct.

37.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

38.     Defendant has acted and failed to act on grounds generally applicable to Plaintiffs

and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass.

39.     Plaintiffs' claims are typical of the claims of the other members of the Class and Subclass as Plaintiffs and the other members of the Class and Subclass have all suffered harm and damages as a result of Defendant's unlawful and wrongful practice of falsely representing and advertising its DeMarini baseball bats as being USSSA compliant when in fact they were not.

40.     There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

(a)     Whether Defendant advertised, represented, and/or warranted that its DeMarini baseball bats complied with USSSA regulations;

(b)     Whether Defendant's DeMarini baseball bats were in compliance with USSSA regulations;

(c)     Whether Defendant's advertising of its DeMarini baseball bats was false or misleading;

(d)     Whether Defendant's conduct violates public policy;

(e)     Whether Defendant's conduct violated the Illinois Consumer Fraud Act and other such similar statutes;

(f)     Whether as a result of Defendant's misrepresentations of material facts that its DeMarini baseball bats met USSSA regulations Plaintiffs and the other members of the Class and Subclass have suffered ascertainable monetary losses; and

(g)     Whether Plaintiffs and the other members of the Class and Subclass are entitled to monetary, restitutionary or other remedies, and, if so, the nature of such remedies.

## COUNT I
### Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. (on behalf of Plaintiffs and the Class and Illinois Subclass members)

41.     Plaintiffs hereby incorporate the foregoing allegations by reference as though fully

set forth herein.

42.     During the period relevant to this lawsuit, Defendant controlled the manufacture, design, testing, packaging, labeling, assembly, marketing, advertising, promotion, distribution, and selling of DeMarini bats—including the product's supposed USSSA certification—from its headquarters located in Illinois. Accordingly, Illinois law governs Defendant's conduct at issue in this case.

43.     Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA") provides in relevant part that:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

44.     The ICFA prohibits deceptive acts and practices in the sale of products such as Defendant's non-compliant baseball bats.

45.     Plaintiffs and the other members of the Class and Subclass are "consumers" within the meaning of Section 1(e) of the ICFA.

46.     Defendant's conduct as alleged herein occurred in the course of trade or commerce, are addressed to the market generally, and implicate consumer protection concerns.

47.     Defendant's actions in affirmatively representing and advertising that its DeMarini baseball bats were USSSA compliant when in fact they were not offends public policy, has caused and continues to cause substantial injury to consumers, and constitutes an unfair and deceptive trade practice.

48.     Upon information and belief, and given that Defendant was responsible for designing and manufacturing the DeMarini baseball bats that it sold to Plaintiffs and the other Class and Subclass members, Defendant knew or should have known at all relevant times that its DeMarini baseball bats did not meet USSSA regulations. Nonetheless, Defendant advertised and sold a large number of the non-compliant baseball bats using false representations that they did meet USSSA regulations.

49.     Defendant intended for consumers to rely on its representations that its DeMarini baseball bats met USSSA regulations when choosing to purchase the bats. Defendant's DeMarini baseball bats were specifically marketed and sold to individuals who required that the DeMarini baseball bats they purchased complied with USSSA regulations.

50.     Plaintiffs and the other members of the Subclass did in fact rely on Defendant's representations in making their decision to purchase Defendant's bats, and had they known that the bats were not USSSA compliant, they would not have purchased them. As a direct and proximate cause of Defendant's deceptive and unfair trade practices, Plaintiffs and the other members of the Class and Subclass have suffered actual damages, including monetary losses for the purchase price of DeMarini baseball bats that were not USSSA compliant as advertised and represented by Defendant.

51.     Pursuant to 815 ILCS 505/10a, Plaintiffs and the other members of the Class and Subclass are entitled to damages in an amount to be proven at trial, reasonable attorney's fees, injunctive relief prohibiting Defendant's unfair and deceptive advertising going forward, and any other penalties or awards that may be appropriate under applicable law.

**COUNT II**
**Breach of Express Warranty**
**(on behalf of the Class and the Illinois Subclass members)**

52.     Plaintiffs hereby incorporate the foregoing allegations by reference as though fully set forth herein.

53.     Through its product labeling and advertising, Defendant created written express warranties and expressly warranted to Plaintiffs and the other members of the Class that its DeMarini baseball bats met USSSA regulations.

54.     Defendant stamped a standardized USSSA label on each bat sold to Plaintiffs and the other Class members. Each such label was identical in all material respects and created an identical warranty. As such, Defendant made a uniform, express warranty to Plaintiffs and the other Class members, specifically warranting that its DeMarini bats were USSSA compliant and useable in USSSA sanctioned baseball games.

55.     Prior to making their respective purchases, Plaintiffs and the other Class members saw and relied on Defendant's express warranty that its DeMarini bats were USSSA compliant, and these representations thus became part of the basis of the bargain.

56.     Because Defendant's USSSA labels were stamped on its bats and communicated from Defendant directly to bat purchasers prior to their respective purchases, Defendant dealt directly with Plaintiffs and the other Class members and formed a direct relationship with them.

57.     Defendant breached its express warranties to Plaintiffs and the other Class members regarding its DeMarini baseball bats and their qualities because, as explained above, the baseball bats were not actually USSSA compliant as Defendant warranted.

58.     As a direct and proximate result of Defendant's breach of its express warranties, Plaintiffs and the members of the Class suffered damages in an amount to be determined at trial.

- 12 -

**COUNT III**
**Breach of Implied Warranty**
**(on behalf of the Class and the Illinois Subclass members)**

59.     Plaintiffs hereby incorporate the foregoing allegations by reference as though fully set forth herein.

60.     The implied warranty of merchantability, codified in Section 2-314 of the Uniform Commercial Code ("UCC"), requires that goods be fit for the ordinary purposes for which goods of that type are used; have adequate labeling; and conform to any promises or affirmations made on any product label.

61.     Most states' laws provide for enforcement of the implied warranty of merchantability through their adoption of the UCC, including in Illinois pursuant to 810 ILCS 5/2-314, as well as other states where Defendant sells non-compliant DeMarini baseball bats.

62.     Defendant, as the marketer, distributor, and seller of the DeMarini baseball bats purchased by Plaintiffs and the other members of the Class, is a merchant.

63.     Plaintiffs and the other Class members purchased Defendant's DeMarini baseball bats in a consumer transaction.

64.     The affected DeMarini baseball bats sold by Defendant were not fit for the ordinary purposes for which goods of that type are used, because they could not be used for play in baseball games subject to USSSA regulations contrary to the "USSSA" certification specifically placed on the bats.

65.     The non-compliant DeMarini baseball bats sold by Defendant did not conform to the promises and affirmations made by Defendant on their labeling, because they were labeled as being compliant with USSSA regulations when in fact they were not.

66.     Defendant's implied warranties extend to Plaintiffs and the other Class members,

- 13 -

because Defendant knew the purposes and requirements with which Plaintiffs and the other Class members purchased the DeMarini bats at issue, and Defendant manufactured the bats specifically to meet those requirements. Specifically, Defendant knew that its DeMarini bats would be purchased or used by baseball players who needed USSSA approved bats for use in USSSA sanctioned games. Defendant manufactured its DeMarini bats to be USSSA compliant, but failed to satisfy USSSA requirements.

67.     Plaintiffs and the other Class members did not receive the baseball bats that were warranted to them, because the baseball bats they purchased did not meet USSSA regulations as promised by the Defendant.

68.     As a result of Defendant's breach of warranty, Plaintiffs and the other Class members suffered damages in an amount to be determined at trial.

**COUNT IV**
**Unjust Enrichment**
**(in the alternative to the Second Cause of Action and**
**on behalf of the Class and the Illinois Subclass members)**

69.     Plaintiffs hereby incorporate the allegations set forth in Paragraphs 1–40 above.

70.     Plaintiffs and the other Class members conferred a benefit on Defendant by purchasing the non-compliant DeMarini baseball bats. This benefit is measurable using the price of Defendant's bats and the premium built into the cost of Defendant's bats' to consumers. Defendant appreciates or has knowledge of such benefit.

71.     Defendant's retention of this benefit violates fundamental principles of justice, equity, and good conscience

72.     It would be inequitable and unjust for Defendant to retain the benefit of revenues obtained from purchases of its defective DeMarini baseball bats by Plaintiffs and the other Class members, because Defendant misrepresented the qualities of the baseball bats, and the baseball

bats could not be used in the very games that they were specifically sold and manufactured for play in.

73.     Accordingly, because Defendant will be unjustly enriched if it is allowed to retain such funds, Defendant must pay restitution to Plaintiffs and the other Class members in the amount which Defendant was unjustly enriched by each of their purchases of its DeMarini baseball bats.

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the Class and the Subclass, pray for the following relief:

A)      An order certifying the Class and Subclass as defined above;

B)      An award of actual or compensatory damages or, in the alternative, disgorgement of all funds unjustly retained by Defendant as a result of its unfair and deceptive sales practices;

C)      An award of reasonable attorneys' fees and costs; and

D)      Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiffs request trial by jury of all claims that can be so tried.

Dated: June 28, 2017                THEODORE SHEELEY and TIMOTHY
                                    WALKER, individually and on behalf of similarly
                                    situated individuals

                                    By: /s/ *Paul T. Geske*
                                    One of Plaintiffs' Attorneys

                                    Scott A. Morgan
                                    Morgan Law Firm, Ltd.
                                    55 West Wacker Drive, 9th Fl.
                                    Chicago, IL 60601
                                    Tel: (312) 327-3386
                                    Fax: (888) 396-2478
                                    smorgan@smorgan-law.com

                                    Myles McGuire
                                    Eugene Y. Turin
                                    Paul T. Geske
                                    MCGUIRE LAW, P.C.

- 15 -

55 W. Wacker Drive, 9th Fl.
Chicago, Illinois 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
eturin@mcgpc.com
pgeske@mcgpc.com

*Attorneys for Plaintiffs*