**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THEODORE SHEELEY and TIMOTHY WALKER, individually and on behalf of similarly situated individuals, | )<br>)<br>) Case No. 17-cv-3076<br>) |
| Plaintiffs | ) Judge Sharon Johnson Coleman<br>) |
| v. | )<br>) |
| WILSON SPORTING GOODS CO., a Delaware corporation, | )<br>)<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs, Theodore Sheeley and Timothy Walker, acting on behalf of themselves and a nationwide class of similarly situated individuals, brought this action against Wilson Sporting Goods ("Wilson") alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, breach of express warranty, breach of implied warranty, and unjust enrichment. Wilson now moves this Court to dismiss Counts I through IV of the complaint for failure to state a claim and to strike the nationwide consumer fraud class and breach of warranty class. For the reasons set forth herein, that motion [18] is granted in part and denied in part.

**Background**

The following facts are taken from the first amended complaint and are accepted as true for the purpose of ruling on the present motion. Wilson is a sporting goods manufacturer with its principal place of business in Chicago, Illinois. Among other products, Wilson manufactures, advertises, and sells DeMarini brand baseball bats. A large number of the purchasers of DeMarini bats are youth athletes who compete in leagues or tournaments subject to United States Specialty Sports Association (USSSA) regulations. In order for a baseball bat to be used in a game subject to USSSA regulations, it must comply with specific requirements set forth by the USSSA governing the

1

manufacturing and performance of the bat. A number of DeMarini bats are labelled and advertised as being USSSA compliant. Although labelled as being USSSA compliant, however, some of those bats were not USSSA compliant and therefore cannot be used in games governed by USSSA regulations. Wilson has offered undescribed options to replace the impacted bats, but has refused to offer refunds or full monetary compensation.

Sheeley purchased a DeMarini bat in Lansing, Illinois, for his son to use in baseball games subject to USSSA regulations. The bat that Sheeley purchased, a "DeMarini CF Zen (-8) 2 5/8" barrel" bat, featured a label representing that it complied with USSSA regulations. Walker purchased a "DeMarini CF Zen (-10)" bat at an unidentified location for his son to use in baseball games subject to USSSA regulations. Walker later exchanged that bat for a "DeMarini CF Zen (-8)" bat at an unidentified location. Both bats featured a label representing that they complied with USSSA regulations.

Sheeley and Walker bring this case on behalf of themselves and a nationwide class, with one identified subclass. The proposed nationwide class is defined as "All persons in the United States and its Territories who, during the applicable limitations period, purchased any models of Defendant's DeMarini baseball bats that were represented as being USSSA compliant when they actually were not." The Illinois subclass is defined as "All persons who, during the period of three years prior to the commencement of this action and the present, purchased any defective models of Defendant's DeMarini baseball bats in the state of Illinois where such bats were represented as being USSSA compliant when they actually were not."

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must contain factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Put differently, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *see also* Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012). When a complaint sounds in fraud, Federal Rule of Civil Procedure 9(b) requires that the complaint "state with particularity the circumstances constituting fraud or mistake." A plaintiff must allege the identity of the person making the misrepresentation and the means, time, place, and content of the misrepresentation. *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007).

**Discussion**

The complaint alleges, on behalf of the individual plaintiffs and the nationwide class, that Wilson violated the Illinois Consumer Fraud and Deceptive Business Practices Act. In order to allege a private cause of action under ICFA, a plaintiff must allege a deceptive act or practice by the defendant, the defendant's intent that the plaintiff rely on the deception, the occurrence of the deception in the course of conduct involving trade or commerce, and actual damage to the plaintiff proximately caused by the deception. *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 856, 216 Ill.2d 100 (2005).

Wilson first contends that Walker and the general class, excluding the Illinois subclass, cannot state a claim under ICFA. Non-Illinois consumers, however, are "permitted to pursue an action under the Act against a resident defendant where the deceptive acts and practices [are]

perpetrated in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 852, 216 Ill.2d 100 (2005) (quoting *Avery v. State Farm Mut. Auto. Ins. Co.,* 746 N.E.2d 1242, 1254, 321 Ill. App. 3d 269 (2001)). The Illinois Supreme Court has similarly clarified that ICFA cannot be applied to "fraudulent transactions which take place outside Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 853, 216 Ill.2d 100 (2005). A fraudulent transaction takes place in Illinois if the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois. *Id.* at 854. In considering whether a transaction occurred primarily and substantially in Illinois, courts consider factors such as the place of injury of deception, the location of the parties, the location of the item subject to the transaction, the location where the relevant activities occurred, and the parties' contacts in Illinois. *Hab Carriers, Inc. v. Arrow Truck Sales, Inc.*, No. 09 C 5200, 2011 WL 250401, at *5 (N.D. Ill. Jan. 25, 2011) (Kendall, J.). Even if the injury or deception occur out of state, however, a fraudulent transaction may be found to have occurred in Illinois if the bulk of the circumstances that make it up occurred within Illinois. *Avery*, 835 N.E.2d at 853. Here, Walker and the general class do not reside in Illinois, their purchase of the bats in question did not occur in Illinois, their reliance on the alleged misrepresentation therefore did not occur in Illinois, and their injury did not occur in Illinois. Indeed, based on the allegations in the complaint, the only link between the bats and Illinois is the fact that Wilson is headquartered in Illinois and that the deceptive marketing scheme at issue was created and implemented from Wilson's headquarters. This is an insufficient basis for standing under ICFA. *See Chrichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 396–397 (7th Cir. 2009) (recognizing that the Illinois' location of an insurance company's home office was incapable of establishing that the circumstances surrounding allegedly fraudulent activity by the company occurred primarily and substantially in Illinois); *Haught v. Motorola Mobility, Inc.*, No. 12 C 2515, 2012 WL 3643831, at *4 (N.D. Ill. Aug. 23, 2012) (Kendall, J.) (holding that allegations that an Illinois-based company concocted its scheme to defraud at its Illinois' headquarters were

4

incapable of establishing standing to bring an ICFA claim where the transactions occurred outside Illinois and resulted in injuries outside Illinois). Accordingly, Walker and the nationwide class cannot state an ICFA claim based on the allegations contained in the current complaint.

Sheeley, moreover, has not adequately alleged his own claim under ICFA. In order to state a claim for fraud, a plaintiff must allege the who, what, when, where, and how of the allegedly fraudulent misrepresentation. *Borsellino,* 477 F.3d at 507. Here, Sheeley has alleged that he purchased the bat at issue from a sport shop in Lansing, Illinois, and that it featured a label signifying USSSA compliance as depicted in Sheeley's complaint. Sheeley, however, has not alleged with specificity where he purchased the bat from or when he purchased the bat. Indeed, he alleges only that the purchase occurred "[d]uring the applicable limitations period," an allegation which conveys no meaningful information. The Court therefore concludes that Sheeley has not adequately alleged his ICFA claim and therefore dismisses that claim without prejudice. The Court additionally notes that Sheeley's allegations lack desirable elaboration regarding the specific bats which were identified as being USSSA compliant but were subsequently identified as being noncompliant, although the Court acknowledges the possibility that the full extent of this information is not yet known.

Wilson next contends that the named plaintiffs' express and implied warranty claims should be dismissed for lack of privity. Sheeley's warranty claims are analyzed under Illinois law. Under Illinois law, Wilson argues, a plaintiff must be in immediate privity with the seller to maintain a warranty claim for purely economic loss. Illinois law, however, "does not always require privity of contract between the user and the manufacturer of the product . . ." *Abco Metals Corp. v. J.W. Imports Co., Inc.*, 560 F. Supp. 125, 128 (N.D. Ill. 1982) (Decker, J.).

The plaintiffs first contend that Wilson's conduct falls within the direct marketing exception to the privity rule. Under this exception, privity isn't required when there are direct dealings

5

between the manufacturer and the remote customer. *See Elward v. Electrolux Home Products, Inc.*, 214 F. Supp. 3d 701, 705 (N.D. Ill. 2016) (Lee, J.) (finding the allegations sufficient to establish privity under the direct relationship exception where the plaintiffs alleged direct dealings with a dishwasher manufacturer via its advertisements, warranty forms, and registration cards); *In re Rust-Oleum Restore Marketing, Sales Practices & Products Liability Litigation*, 155 F. Supp. 3d 772, 807 (N.D. Ill. 2016) (St. Eve, J.) (finding summary dismissal to be improper where the plaintiffs alleged that the manufacturer engaged in a direct marketing campaign to consumers and that consumers relied on that marketing). Wilson argues that this case is distinguishable because here it is not alleged that Wilson engaged in advertising or marketing beyond the product labels on the bats. Wilson, however, offers no legal authority suggesting that the labels themselves are insufficient to establish direct-dealing, and the caselaw that Wilson relies on tends to suggest that Wilson's labelling of the bats is sufficient to establish direct-dealing at this stage in the proceedings. *See Rust-Oleum,* 155 F. Supp. 3d at 807 (applying the direct-dealing exception based on alleged misrepresentations on *product labels and packaging*, a website, and other advertising materials); *Elward*, 214 F. Supp. 3d at 705 (applying the direct-dealing exception based on retailers statements, advertisements, *warranty forms,* and *registration cards*).

The plaintiffs also contend that Wilson's conduct falls within the third-party beneficiary exception of the privity rule. Under the third-party beneficiary exception, a plaintiff need not allege privity where "the manufacturer knew the identity, purpose and requirements of the dealer's customer and manufactured or delivered the goods specifically to meet those requirements." *Frank's Maint. & Eng'g, Inc. v. C.A. Roberts Co.*, 408 N.E.2d 403, 412, 86 Ill.App.3d 980 (1980). Here, the plaintiffs have alleged that Wilson was aware of remote customers' requirement that its bats comply with USSSA regulations and that Wilson delivered bats in order to satisfy that requirement. These allegations are sufficient to establish the applicability of the third-party benefit exception. *Elward,*

6

214 F. Supp. 3d at 706.  Although Wilson argues that *Frank's* is distinguishable because in that case the product in question was delivered directly to the ultimate consumer, Wilson has failed to offer any authority demonstrating the legal significance of this distinction.

Walker's warranty claims, by contrast, are analyzed under Texas law.  It is undisputed[1] that Texas law requires direct privity to bring an express warranty claim, but does not require direct privity for an implied warranty claim.  *Texas Processed Plastics, Inc. v. Gray Enters., Inc.*, 592 S.W.2d 412, 415 (Tex. Ct. App. 2003).  Accordingly, Walker's express warranty claim must be dismissed for lack of privity.

Wilson next contends that the plaintiffs' claims of unjust enrichment should be dismissed because the plaintiffs have asserted claims of law seeking the same remedy.  The authorities that Wilson relies on, however, are inconsistent in their treatment of unjust enrichment.  *Compare Jovine v. Abbot Labs., Inc.*, 795 F. Supp. 2d 1331, 1342 (S.D. Fla. 2011) (dismissing unjust enrichment claims where the plaintiff had adequate legal remedies) *with Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920, 928, 388 Ill.App.3d 1017 (2009) (recognizing that a claim for unjust enrichment requires the allegation of an underlying duty, such as would be established by the Illinois Consumer Fraud Act).  This Court need not resolve those inconsistencies, however, because the plaintiffs' unjust enrichment claim is pled in the alternative.  *Reid v. Unilever U.S., Inc.* 964 F. Supp. 2d 893, 923–24 (N.D. Ill. 2013) (Castillo, J.).  Although Wilson asserts that such claims cannot be pled in the alternative, the authorities that it relies on do not support this argument.  This Court accordingly holds that Wilson has not established that the plaintiff's unjust enrichment claims must be dismissed.[2]

---

[1] Wilson raised these issues in its motion to dismiss.  The plaintiffs failed to address the application of Texas law to these claims in their response, and accordingly waived any arguments to the contrary.

[2] The Court notes that Wilson makes no effort to distinguish between the plaintiffs' respective unjust enrichment claims and forewent the opportunity to further narrow its arguments in its reply.  The differences in state law regarding unjust enrichment will likely need to be revisited at the class certification stage.

Finally, Wilson asks this Court to strike the nationwide class's claims for consumer fraud[3] and breach of express and implied warranty. In this district, such motions are evaluated under Rule 23, not Rule 12(f). *Mednick v. Precor, Inc.,* No. 14 C 3624, 14 C 4231, 2014 WL 6474915, at *6 (N.D. Ill. 2014) (Leinenweber, J.). Because class determination decisions generally involve considerations enmeshed with the factual and legal issues comprising the cause of action, class certification is addressed at the pleading stage in this district only when the class allegations are "facially and inherently deficient." *Id.* (quoting *Machowicz v. Kaspersky Lab, Inc.*, No. 14 C 1394, 2014 WL 4683258, at *5 (N.D. Ill. Sept. 19, 2014) (Holderman, J.)). The question of whether a plaintiff has satisfied Rule 23's requirements is not an appropriate inquiry at the motion to dismiss stage. *Howard v. Renal Life Link, Inc.*, No. 10 C 3225, 2010 WL 4483323, at *2 (N.D. Ill. Nov. 1, 2010) (St. Eve, J.).

Wilson argues that this Court should strike the class allegations related to the plaintiffs' consumer fraud, express warranty, and implied warranty claims because the Court will need to apply different state laws in order to address each claim on a nationwide basis. Wilson, to assist the Court, has provided a sixteen page table of state law variances highlighting some of those differences.[4] Wilson's analysis, however, is cursory in nature and is conducted, as it must be at this stage in the proceedings and before any discovery has occurred, without full consideration of the relevant facts and circumstances of this case. Although it may well be appropriate, after further briefing, to deny a motion for class certification based on the concerns that Wilson now presents, the fact that different state laws will need to be applied does not automatically render the plaintiffs' claims facially and inherently deficient. *Mednick*, 2014 WL 6474915, at *7.

---

[3] The nationwide class has only asserted a claim for violation of the Illinois Consumer Fraud Act. As previously set forth, that claim is dismissed because the allegations are insufficient to establish that the nationwide class can state a claim under ICFA.

[4] Wilson's "Table of State Law Varriances [sic]," although it takes the form of a (rather dense) table of cases rather than traditional briefing, constitutes written advocacy by Wilson in support of its motion. It is therefore this Court's opinion that the Table constitutes a violation of the page limit set by Local Rule 7.1. The Court declines to take any action with respect to the present filings, but cautions Wilson that similar filings will in future be counted towards the page limit established by Local Rule 7.1 absent prior permission of the Court.

**Conclusion**

For the foregoing reasons, Wilson's motion to dismiss and strike [18] is granted without prejudice with respect to the plaintiffs' ICFA claims and Walker's express warranty claims, but is denied in all other respects.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: November 17, 2017